UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------------x
SANTOS CATALINO ESTEBAN CALEL,
as Administrator Ad Prosequendum for the Estate of
ALVARO FELIPE ESTEBAN CALEL, Deceased,

              Plaintiff,                                        17 Civ.

      - against -                                        COMPLAINT

LOGEMANN BROTHERS COMPANY,

              Defendants.                                  **JURY TRIAL DEMANDED**

-------------------------------------------------------------------x

Plaintiff, by the undersigned counsel, the Law Offices of Joseph Monaco, P.C., allege for the complaint as follows:

## JURISDICTION AND VENUE

1. At all times relevant to this action, the plaintiff/decedent was a resident of the State of New Jersey, County of Monmouth.

2. Defendant Logemann Brothers Company ("Logemann") is a business entity duly organized under the laws of the State of Wisconsin with its principal place of business in Milwaukee, Wisconsin.

3. At all times relevant herein, the defendant marketed machinery in the United States and specifically in the State of New Jersey.

4. At all times relevant herein, the defendant sold machinery in the United States and specifically in the State of New Jersey.

5. At all times relevant herein, the defendants derived significant revenue from the sale of machinery in the United States and specifically in the State of New Jersey.

6. The defendants sold the subject machine to a New Jersey based customer.

7. Defendants willingly availed themselves to the New Jersey marketplace.

8. Defendants have substantial contacts with the State of New Jersey.

9. The defendants are subject to the jurisdiction of this Court.

10. Defendants and/or their predecessors designed the subject machine.

11. Defendants and/or their predecessors manufactured the subject machine.

12. Defendants and/or their predecessors sold the machine.

13. Defendants and/or their predecessors placed the subject machine into the stream of commerce.

14. Jurisdiction of this action is based on 28 U.S.C. § 1332.

15. Venue in this district is proper pursuant to 28 U.S.C. § 1391(a) because the events giving rise to the complaint occurred in the District of New Jersey.

16. The injuries and damages claimed herein are in excess of the minimum monetary amount necessary for this Court to exercise subject matter jurisdiction.

## FACTS

17. Defendant Logemann manufactured a machine known as a 245A1-AT Baling Press identified with serial number 15197 (hereinafter the "baler" or the "machine").

18. Upon information and belief, defendant Logemann designed the baler.

19. Upon information and belief, defendant Logemann configured the baler and the control station for the subject machine.

20. Upon information and belief, defendant Logemann sold the baler to an entity operating a recycling facility located at 21 Edgeboro Road, East Brunswick, NJ.

21. Upon information and belief, on or about December 8, 2016, decedent was employed by an entity known as Universal Processing LLC operating at 21 Edgeboro Road, East Brunswick, NJ.

22. Upon information and belief, defendant Logemann installed the baler at the above location.

23. Upon information and belief, defendant Logemann designed the control station for the machine.

24. Upon information and belief, defendant Logemann installed the control station for the machine.

25. On or about December 8, 2016, the decedent was assigned to perform work on the subject machine by his supervisors at the above location.

26. On or about December 8, 2016, the decedent was injured during the course of while working on the subject machine.

27. On or about December 8, 2016, the decedent died as a result of the above described injuries.

## AS AND FOR A FIRST CLAIM FOR RELIEF

28. Plaintiff repeats and realleges all of the allegations contained in paragraphs 1 through 27 of the complaint as though fully alleged herein.

3

29. At the moment of the accident, the plaintiff was working on the subject machine when his body became entrapped between the moving parts of the machine and/or between a moving part and a stationary part of the machine.

30. Defendants are responsible for allegations of products liability and/or negligence relating to the machine, its controls, warnings, components, guarding and/or safety devices.

31. The subject machine lacked proper guards and safety devices that would have prevented the decedent's accident and/or the extent of the injuries.

32. The machine lacked emergency stop buttons within reach of the decedent.

33. The control station of the subject machine was improperly designed.

34. The control station on the subject machine did not permit the operator to fully and without obstruction visualize the hopper of the baler and/or the point of operation.

35. The machine lacked proper safety devices to prevent access to areas of danger.

36. The machine lacked proper safety devices to alert people of the impending operation of the baler.

37. The machine lacked appropriate log out tag out capability.

38. The machine lacked appropriate stop buttons.

39. The machine lacked proper warnings.

40. The Machine was defectively designed and/or manufactured.

4

41. Defendant is responsible for the Machine's defective design.

42. The Machine lacked proper warnings and/or caution signs.

43. The Defendant is responsible for the lack of warnings and/or caution signs.

44. Defendants are responsible in strict products liability for plaintiff's injuries.

45. Defendants were negligent with respect to the manufacture, sale, design, inspection, installation, configuration, service, repair, maintenance, alteration, refurbishing and/or installation of the subject machine.

46. Defendants breached express and implied warranties owed to the plaintiff with respect to the manufacture, sale, design, configuration, installation, inspection, alteration, refurbishing and installation of the subject machine.

47. Plaintiff's severe injuries were caused by and/or a result of the foregoing.

## AS AND FOR A SECOND CLAIM FOR RELIEF

48. Plaintiff repeats and realleges all of the allegations contained in paragraphs 1 through 47 of the complaint as though fully alleged herein.

49. Prior to the accident, Defendant placed and/or permitted the Machine to be placed into operation/service without properly designed and/or functioning safety mechanism(s) and/or device(s).

50. Prior to the accident, Defendant placed and/or permitted the Machine to be placed into operation/service in an unsafe condition.

51. Prior to the accident, Defendant knew or should have known that the machine was being operated without a complete and proper set of safety guards and/or devices properly installed on the Machine.

52. Prior to the accident, Defendant knew or should have known that the machine was being operated without properly functioning set of safety guards and/or devices properly installed on the Machine.

53. Prior to the accident, defendant failed to fulfill its continuing duty to warn of safety issues regarding the machine.

54. Prior to the accident, defendant failed to notify the machine owner of changes to the machine to improve the safety and well-being of people working on the machine.

55. Defendant was responsible for the safe installation of the machine.

56. Defendant improperly serviced, maintained and/or repaired the machine.

57. Defendant failed to properly warn and/or notify the customer and/or the employees/operators of the machine that there were guards and/or safety devices missing and/or not functioning properly on the machine prior to the accident.

58. Defendants failed to properly warn and/or notify the customer and/or the employees/operators of the dangers of the machine.

59. Defendants failed to properly train the customer and/or the employees/operators of the Machine.

60. Defendant was negligent.

61. Plaintiff's severe injuries were caused by and/or a result of the foregoing.

WHEREFORE, plaintiff demands judgment against the defendants, together with interest and costs of suit.

WHEREFORE, the Plaintiff demands judgment against the defendants in a monetary sum far exceeding the jurisdictional limitations of this court (including but not limited to the minimum monetary prerequisite for diversity jurisdiction) as follows:

(a) on the first claim for relief, compensatory damages, together with interest, costs and disbursements as provided by law;

(b) on the second claim for relief, compensatory damages, together with interest, costs and disbursements as provided by law.

Plaintiff demands a trial by jury on all counts.

Dated: New York, New York
September 21, 2017

THE LAW OFFICES OF JOSEPH MONACO, PC

By: _____
JOSEPH D. MONACO (JDM-7862)
Attorneys for Plaintiff
7 Penn Plaza
New Jersey, New Jersey 10001
(212) 486-4244

jmonaco@monaco-law.com